UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 1:16-CR-58-TLS-SLC<br>1:19-CV-26-TLS |
| ENRIQUE CORDOVA CAMPOS | |

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 119], and Defendant's Letter [ECF No. 131]. Defendant is serving a sentence for Conspiracy to Distribute and to Possess with the Intent to Distribute 5 Kilograms or More of Cocaine in violation of 21 U.S.C. § 846. Defendant now seeks to have his sentence vacated and to be resentenced without certain sentencing enhancements and under a lower criminal history category. For the reasons set forth below, the Court DENIES the motion.

**BACKGROUND**

After pleading guilty, pursuant to a Plea Agreement [ECF No. 55] and represented by counsel, Defendant was sentenced to 188 months of imprisonment on January 29, 2018. Judgment at 1–2, ECF No. 103. Defendant did not file an appeal. On January 28, 2019, Defendant filed the instant Motion [ECF No. 119]. After his Motion for Extension of Time to File Brief in Support [ECF No. 120] was granted [ECF No. 121], Defendant filed his Brief in Support [ECF No. 122] on April 19, 2019. After a similar Motion to Extend [ECF No. 125] by the Government was granted [ECF No. 126], the Government filed a Response [ECF No. 127] on July 3, 2019. On July 22, 2019, Defendant filed a Reply [ECF No. 128], making this matter ripe for ruling.

1

On May 26, 2020, Defendant submitted a Letter [ECF No. 131] to the Court, requesting that it address the arguments raised in his previously filed Motion [ECF No. 119]. The remainder of the Letter is unclear in parts but appears to mainly focus on Defendant's plan to return to Mexico after he serves his sentence and his concern about contracting COVID-19 while incarcerated. Letter at 1–5, ECF No. 131. It does not appear that this letter requests any relief from the Court other than a ruling on his Motion [ECF No. 119].

## ANALYSIS

Under 28 U.S.C. § 2255(a), a prisoner may move the sentencing court to vacate, set aside, or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Motions to vacate a conviction or sentence ask the district court to grant an extraordinary remedy to one who already has had an opportunity for full process." *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006).

Between the initial Motion [ECF No. 119], Brief in Support [ECF No. 122], and Reply [ECF No. 128], Defendant has raised a significant number of claims attacking his sentence, all based on allegations of ineffective assistance of counsel. "To show ineffective assistance of counsel, [a defendant] must show that (1) his attorney's representation was deficient and that (2) this deficient performance so prejudiced his defense that the resulting proceedings against him were fundamentally unfair and unreliable." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). To establish the prejudice prong of this analysis, a defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

1. **Criminal History Category**

Defendant first argues that he was incorrectly categorized as having a criminal history category of II when he had no previous convictions and that this score was based on the dismissed gun charge, and then in his Reply argues that his previous convictions do not support a criminal history category of II. Motion at 6, Brief in Support of Motion to Vacate or Correct (§2255) at 2, ECF No. 122; Reply to Government's Response at 2, ECF No. 128.[1] Defendant is incorrect on all counts.

As laid out in the Final Presentence Investigation Report (PSR) [ECF No. 88], Defendant has three prior misdemeanor convictions for Illegal Entry in violation of 8 U.S.C. § 1325(a)(1), all from 2008. Final Presentence Investigation Report at 14–15, ECF No. 88. For these respective convictions Defendant served 3, 45, and 45 days of confinement. *Id.* Under section 4A1.1(c) of the Sentencing Guidelines, each of these prior convictions is worth one criminal history point. U.S.S.G. § 4A1.1(c). Because Defendant committed the instant offense on or before August 10, 2016, these convictions fall within the applicable 10-year look-back period. *Id.* § 4A1.2(e)(2). And finally, as noted in the PSR, Defendant's resulting criminal history of three establishes a criminal history category of II under Chapter 5, Part A of the Sentencing Guidelines. The PSR did not account for any additional criminal history points for the gun charge that was dismissed as part of Defendant's plea agreement. PSR at 13–15. Because there was no error in calculating Defendant's criminal history, his counsel was not ineffective in failing to object to it. In short,

---

[1] Defendant also argues for the first time in his Reply that his attorney never showed him the PSR or explained that he fell under a criminal history category of II because of his past convictions for illegal re-entry. Reply at 2. Because this argument is raised for the first time in Defendant's reply brief, the Court will not consider this new allegation. *Thorncreek Apartments III, LLC v. Mick*, 886 F.3d 626, 636 (7th Cir. 2018) ("[A]rguments raised for the first time in a reply brief are waived." (quoting *Darif v. Holder*, 739 F.3d 329, 336 (7th Cir. 2014))).

3

there is no merit to Defendant's argument that his counsel was ineffective in failing to object to his criminal history score.

**2. Sentencing Enhancements**

Defendant next argues that his counsel was ineffective for failing to object to his sentencing enhancements for his leadership role and possession of a firearm at sentencing.[2] Brief in Support at 12–13. Defendant received a four-point enhancement for his leadership role in the conspiracy under Sentencing Guidelines section 3B1.1(a) and a two-point enhancement because he possessed a firearm when he was arrested under Sentencing Guidelines section 2D1.1(b)(1).

As an initial matter, Defendant's counsel did object to the leadership enhancement, both in Defendant's Sentencing Memorandum [ECF No. 95 at 2–3] and as an Objection to the Draft Presentence Investigation Report [ECF No. 87 at 1]. The Court addressed and overruled these objections in a reasoned Opinion and Order [ECF No. 99]. To the extent that Defendant has argued that his attorney was ineffective for failing to object to the enhancement for his leadership role at all, that argument fails.

The Court's analysis from the earlier Opinion & Order (O&O) is directly relevant to Defendant's assertion that he should not have received the leadership enhancement and that his counsel was ineffective for not delving further into that argument. The O&O stated:

> The Defendant was responsible for arranging drop-offs and pick-ups and giving instructions to Razo. He exercised control over Del Rio-Salazar and the unknown person who acted as his couriers to complete the drop-offs and pick-ups. There was a fronting arrangement between the Defendant and Razo. *See, United States v. Hardamon*, 188 F.3d 843, 851 (7th Cir. 1999) (finding that a fronting

---

[2] Defendant also argues that, because the factual basis supporting the application of these sentencing factors was not submitted to a jury and found beyond a reasonable doubt, their application is unconstitutional. Brief in Support at 12. But this argument was already explicitly considered and rejected by the United States Supreme Court in *United States v. Booker*, which severed the mandatory requirements of the sentencing guidelines and rendered them advisory. 543 U.S. 220, 245 (2005) (Breyer, J., delivering the opinion of the court in part), *see also id.* at 233 (noting that if the guidelines are read as advisory then the use of judicial fact finding for sentencing factors "would not implicate the Sixth Amendment") (Sevens, J., delivering the opinion of the court in part). As such the Court will not address this argument further.

>arrangement was indicative of a leadership rather than a managerial role). Additionally, there is no evidence to suggest that anybody out-ranked or gave instructions to the Defendant in furtherance of this conspiracy. *See United States v. McClinton*, 135 F.3d 1178, 1191 (7th Cir. 1998) (noting that nobody outranked the defendant and that "an organizer does not receive instructions from others while a manager does"). Taken together, the evidence indicates that the Defendant had significant decision making authority and control over other members of the conspiracy.

Opinion & Order at 4, ECF No. 99.

The Court stands by this analysis in concluding that the leadership enhancement under Sentencing Guideline 3B1.1(a) applies to Defendant. The PSR also notes that Defendant "directed couriers, DEL RIO-SALAZAR and the unknown male throughout the investigation and coordinated every transaction with RAZO to include the delivery of product and collection of proceeds." PSR ¶ 37.

Defendant also argues in his reply brief that the evidence outlined in the PSR is insufficient to establish that he was the leader of the conspiracy. Reply at 4. The argument is made up of conclusory allegations that he was not "giving orders or organizing anything." *Id.* But the Court's O&O directly addressed this argument. As noted in Application Note 4 of the Sentencing Guidelines section 3B1.1, "titles such as 'kingpin' or 'boss' are not controlling." Instead, Courts are directed to examine a number of factors, including:

>[T]he exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

U.S.S.G. § 3B1.1, cmt. 4. Defendant appears to miss the point that the enhancement for leading or organizing may apply when, as here, the Defendant both engaged in a fronting relationship with his buyers and instructed the other members of the conspiracy and there is no evidence that he received instructions from anybody else. *See Hardamon*, 188 F.3d at 851; *McClinton*, 135

5

F.3d at 1191. This is the case even when Defendant may not have been explicitly recognized as the "leader" of the conspiracy or even considered himself to hold that role.

Relatedly, Defendant claims he was never a "leader" of the conspiracy. Motion at 7. As indicated in the PSR and above, there is substantial evidence of Defendant's leadership role in the conspiracy including fronting drugs and directing drop-offs and pickups while there is no evidence that he received orders or instruction from anyone else. PSR at 4–11. Defendant has not suggested any witness or potential source of evidence that he could introduce at an evidentiary hearing that could substantiate his unsupported claim that he had no leadership role in the conspiracy.[3]

Defendant also objects to the enhancement under Sentencing Guideline section 2D1.1(b)(1) for possession of a firearm. Brief at 14, 15; Reply at 4, 5. This argument was not raised in Defendant's initial Motion. *See generally* Motion at 1–14. But even assuming this argument is properly before the Court, it is without merit. As noted in the PSR, upon executing a search warrant at Defendant's home, officers seized a gun from Defendant's bedroom. Defendant has not alleged that the gun was not his or submitted any evidence, including his own sworn statement in the Motion, that he did not possess the gun or that it belonged to someone other than him. Without alleging the existence of any evidence supporting his argument that the sentencing enhancement for possessing the gun was erroneous, Defendant cannot establish prejudice under *Strickland* for his attorney's failure to object to the enhancement. 466 U.S. at 687.

---

[3] Defendant does allege in his Reply Brief that there were witnesses who "could prove he was not a leader." Reply at 4. However, this is exactly the type of non-specific conclusory allegation that fails to meet the threshold burden for an evidentiary hearing mentioned in *Galbraith v. United States*. 313 F.3d 1001, 1009 (7th Cir. 2002) ("[I]t is the rule of this [c]ourt that in order for a hearing to be granted, the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner had actual proof of the allegations going beyond mere unsupported assertions."). Defendant does not name any potential witnesses, not does he specify why he did not fulfil a leadership role in the conspiracy, even if he were not designated the "leader." Further, this allegation is part of Defendant's Reply Brief which, unlike the initial Motion, is not submitted under penalty of perjury and does not constitute evidence in this matter.

### 3. Miscellaneous Additional Arguments

Defendant also makes a number of additional arguments that the Court will address in this section.

First, Defendant makes an argument that misunderstands the prejudice prong of *Strickland*. He argues in his Reply that he established prejudice from his attorney's alleged errors because "[t]he facts that if the Court would have rejected the enhancement of the gun, his leadership role and put [Defendant] in a Category I, that would have an incredible reduction in the sentence he got." Reply at 2–3. But prejudice is not established in an ineffective assistance claim by establishing what the stakes of a particular argument were; prejudice comes from establishing that a particular argument would have been effective had the defendant's attorney made it. *See Prewitt*, 83 F.3d at 819 ("A mere possibility of prejudice does not qualify as *actual* prejudice.").

Defendant also argues that his counsel was ineffective in pushing him to straight plea without receiving any potential benefit from a plea agreement. Brief at 2. But Defendant did not plead guilty without the benefit of a plea agreement. He had a Plea Agreement [ECF No. 55] under which he received a dismissal of the separate gun charge, a three-level reduction of the guidelines for his cooperation, and a recommendation for a low end of the guidelines sentence. Plea Agreement ¶¶ 8(c)(i), (ii), 8(g).[4]

---

[4] The Government has pointed out in multiple places Defendant's lack of supporting evidence and affidavits. Response at 1, 3, 4, 8. Defendant argues in reply that as an inmate without an attorney the Court cannot reasonably expect him to submit such evidence. Reply at 5. But Defendant did submit his initial Motion signed under penalty of perjury. And the Seventh Circuit has made clear that this is sufficient to meet Defendant's initial burden. *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006) ("Requiring either that the motion be signed under penalty of perjury or be accompanied by an affidavit is thus not a mere technicality of pleading; once a pleading is submitted in this form, the allegations contained therein *become* evidence and permit the district court to evaluate properly the movant's allegations and to determine whether a sufficient threshold showing has been made to warrant further proceedings."). The Court therefore rejects this argument from the Government.

Defendant also argues that his attorney was ineffective in failing to object to the quantity and purity of the drugs that he was charged with possessing. Motion at 9. The entirety of this argument consists of three sentences in Defendant's Motion [ECF No. 119] and is not expounded upon in either Defendant's Brief in Support [ECF No. 122] or Reply [ECF No. 128]. The entire argument is as follows: "Attorney was ineffective for not objecting to the amount of drugs that [D]efendant pleaded guilty to. Attorney did not object to the amount or purity of said drugs. A lower drug amount would have put [D]efendant at a lower guideline and a lower sentence." Motion at 9. It is true that if the Court had concluded that Defendant possessed a smaller quantity of drugs, he would have received a shorter prison sentence. But Defendant has not established, or even alleged, that he actually did possess a smaller quantity of drugs than he was convicted of, and therefore that his attorney could have been ineffective by not objecting to Defendant's sentence. Because Defendant has provided the Court with nothing more than the conclusory allegation in his initial Motion, this argument also fails.

Defendant also argues that his attorney was deficient for submitting a short sentencing memorandum that "was on the verge of malpractice." Motion at 4. But while Defendant takes issue with the length of the sentencing memorandum that his attorney submitted on his behalf, he has not presented any argument or evidence on how he was prejudiced by the length of this memorandum, dooming this claim. *Strickland*, 466 U.S. at 687. Further, regarding the brevity of the sentencing memorandum, "[t]here may be sound strategic reasons why a criminal defendant will elect to pursue one sentencing argument while also choosing to forego another." *United States v. Garcia*, 580 F.3d 528, 542 (7th Cir. 2009) (quoting *United States v. Kindle*, 453 F.3d 438, 442 (7th Cir. 2006)). In exchange for pleading guilty, Defendant received significant concessions from the Government. Plea Agreement ¶¶ 8(c)(i), (ii), 8(g). Reviewing the

sentencing memorandum, it seems apparent that Defendant's attorney was attempting to get any reduction in sentence for Defendant that he could while not disrupting the significant benefits Defendant received from the Plea Agreement.

Finally, Defendant argues that "it is significant that other conspirators were not found as organizers or leaders because their attorneys prevented that from taking place." Reply at 5. The Court does not draw any significance from this fact. It should be obvious that the fact that no other conspirator was charged as a leader is at least as likely to indicate that Defendant actually held a leadership role in the conspiracy as it is evidence than Defendant's attorney at sentencing was ineffective. The Court concludes that this argument does not present any evidence of prejudice and therefore fails.

### 4. Need for an Evidentiary Hearing

The Court also concludes that there is no need for an evidentiary hearing. "A section 2255 petitioner is entitled to an evidentiary hearing on his claims, when he alleges facts that, if proven, would entitle him to relief." *Stoia v. United States*, 22 F.3d 766, 768 (7th Cir. 1994). However, when a petitioner fails to support such a 2255 motion with "a detailed and specific affidavit which shows that the petitioner had actual proof of the allegations going beyond mere unsupported assertions," no hearing is required. *Galbraith*, 313 F.3d at 1009 (quoting *Prewitt*, 83 F.3d at 819).

Having reviewed the allegations in all of Defendant's briefing [ECF Nos. 119, 122, 128], the Court concludes that Defendant has not put forth "facts supporting each ground" of relief requested, which if proven true, would entitle Defendant to relief requested as required in Rule 2(a)(2) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Therefore, the Court will deny Defendant's Motion [ECF No. 119] without an evidentiary hearing.

**5. Certificate of Appealability**

There is no absolute entitlement to appeal a district court's denial of a motion under § 2255. *See* 28 U.S.C. § 2353(c)(1). Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11 of Rules Governing Section 2255 Proceedings.

The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted). Where the district court has rejected the constitutional claim on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. A defendant is not required to show that he will ultimately succeed on appeal. *Miller-El v. Cockrell*, 537 U.S. 322, 337, 342 (2003) ("The question is the debatability of the underlying constitutional claim, not the resolution of that debate.").

Rule 11(a) permits a district court to direct the parties to submit arguments on whether a certificate of appealability should issue. Here, no additional argument is necessary because no reasonable jurist could conclude that Defendant established that his attorney at sentencing was ineffective, or that he was entitled to an evidentiary hearing on the matter. The Court will not

10

issue the Defendant a certificate of appealability. Therefore, if the Defendant wishes to appeal this Court's ruling, he must seek a certificate of appealability from the Court of Appeals under Federal Rule of Appellate Procedure 22.

It is the Court's view that Defendant has raised no arguments that cause this Court to view the issues as debatable, find that the issues could have been resolved differently, or conclude that the issues raise questions which warrant further review.

## CONCLUSION

For the above reasons, the Court DENIES Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 119] and declines to issue a Certificate of Appealability. To the extent that Defendant's Letter [ECF No. 131] requests a ruling on his Motion [ECF No. 119], that request [ECF No. 131] is GRANTED but is otherwise DENIED.

SO ORDERED on June 12, 2020.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

11